UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RAPHFEAL ROBINSON,

    Plaintiff,

    v.

LAKE COUNTY TREASURER, et al.,

    Defendants.

Case No. 2:26-CV-61-GSL-APR

## **OPINION AND ORDER**

On April 21, 2026, Plaintiff filed a Motion to Reopen the Case under Federal Rule of Civil Procedure 60(b)(1). For the reasons below, his Motion is DENIED.

*Background*

Plaintiff filed his Motion for Leave to Proceed in Forma Pauperis and pro se Complaint on February 17, 2026. This Court denied both on February 27, 2026, because his Motion for Leave to Proceed in Forma Pauperis failed to establish that paying the filing fee would result in an inability to provide for the necessities of life, and because Plaintiff's Complaint contained little, if any, factual allegations supporting his claims and was largely comprised of conclusory legal statements. [DE 4]. In the same Order, the Court warned Plaintiff that if he failed to remedy the deficiencies within 30 days, his case would be dismissed. [*Id.*]. Plaintiff failed to remedy the deficiencies in his Complaint. [DE 10]. Instead, Plaintiff filed several Emergency Motions, which requested relief this Court could not grant. As a result, the case was dismissed on April 3, 2026. [*Id.*]. Plaintiff now seeks relief from that dismissal under Federal Rule of Civil Procedure 60(b)(1).

*Legal Standard*

Under Federal Rule of Civil Procedural 60(b)(1), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. The determination whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *McNair v. Faurecia*, 2024 U.S. Dist. LEXIS 130726, at *2 (N.D. Ind. Jul. 24, 2024) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)). The "[m]ost important" factor to be considered is "the reason for the delay"; if the moving party fails to demonstrate "genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline," he cannot establish excusable neglect, no matter how short the delay was or how little it prejudiced the opposing party. *McNair*, 2024 U.S. Dist. LEXIS 130726, at *2 (citing *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014)).

*Discussion*

In Plaintiff's Motion to Reopen the Case, he asserts that he did not receive "timely notice" of the Court's Order instructing him to correct the deficiencies in his Complaint. [DE 13]. He states that he received the mailed Order on "9th after the 6." [Id.]. The Court can only take this to mean he received the Order on March 9, 2026. The Court provided Plaintiff until March 27, 2026 to correct the deficiencies, so the Court fails to see why nearly three weeks was insufficient time for Plaintiff to file a response. Nor does Plaintiff offer any explanation for why that time was insufficient. Because Plaintiff did not establish excusable neglect, this Court will deny his Motion to Reopen the Case.

2

Beyond this, Plaintiff's Amended Complaint, filed as an exhibit to his Motion to Reopen the Case, is almost identical to his first Complaint, and while it provides a few additional facts, it still does not provide enough information to support his alleged federal claims.

Plaintiff reasserts his Fourteenth Amendment claim, arguing that his due process rights were violated when he did not receive appropriate notice of lien proceedings or of related actions affecting his property. However, there are several problems with this assertion. In Plaintiff's Amended Complaint at [DE 13] he states, "Plaintiff alleges that a posted notice was placed by or on behalf of Lake Falls LLC regarding an application for tax deed." It would appear Plaintiff did in-fact receive notice, and did not act on it. Furthermore, Plaintiff references a proceeding in January of 2026 where his property was transferred to Lake Falls LLC. [*Id.*]. The Court was able to locate that proceeding; it is Lake County Superior Court Case No. 45D02-2601-PL-000001, available on mycase.gov. The Plaintiff is listed as Lake Falls LLC, and the Defendant is listed as Rapheal Robinson, who is the Plaintiff in this matter. Notably, Mr. Robinson's address for the state court matter is listed as 3905 Madison Street, Gary IN 46408, which is the same address provided by Plaintiff for the pending federal matter in front of this Court, where he is receiving mailed copies of this Court's decisions. For these reasons, Plaintiff has failed to allege that his Fourteenth Amendment rights were violated when he allegedly did not receive appropriate notice.

Plaintiff also attempts to bring a First Amendment claim because his "right to petition" was violated when he was removed from the Lake County Treasurer's Office while seeking clarification on the status of his property. However, when Plaintiff was removed from the Lake County Treasurer's Office, he was not prevented from accessing the state courts, where his

3

grievances regarding his property could be redressed. In fact, Plaintiff provides this Court with evidence that he was able to file a lawsuit with the state court in Lake Court. [DE 1-1].

## *Conclusion*

For all of the foregoing reasons, Plaintiff's Motion to Reopen the Case, [DE 13], is DENIED. Plaintiff's Motion for Temporary Restraining Order [DE 15] is DENIED as MOOT.

SO ORDERED.

ENTERED: May 4, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

4